IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY ROEHL,

    Plaintiff,

v.                                           Civil No. 02-1336 WJ/WDS

BANK OF AMERICA, N.A.,
ROTHSTEIN, DONATELLI, HUGHES,
DEHLSTROM, SHOENBERG &
ENFIELD, LLP, and ROBERT
ROTHSTEIN, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
ROTHSTEIN DEFENDANTS' MOTION TO DISMISS FEDERAL CLAIMS
FOR FAILURE TO STATE A CLAIM AND DECLINING
JURISDICTION OF SUPPLEMENTAL STATE CLAIMS**

THIS MATTER comes before the Court pursuant to Rothstein Defendants' Motion to Dismiss Section 1983 Conspiracy Claim for Failure to State a Claim, or, in the Alternative, For Summary Judgment [Docket No. 34]. Having reviewed the motion, the accompanying brief, and being fully advised on the law, I find the motion is well taken and will be granted. As this disposes of all of Plaintiff's federal claims, the Court has discretion to dismiss Plaintiff's supplemental state law claims. Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). This case is in the early stages of litigation; thus, the Court will decline to exercise jurisdiction over Plaintiff's state law claims and will dismiss these without prejudice.

**BACKGROUND**[1]

---

[1] In ruling on a motion to dismiss, the Court must accept as true all factual allegations within the Complaint and draw all reasonable inferences in favor of the Plaintiff. Sutton v. Utah

Plaintiff filed the Complaint in this case alleging that Bank of America, N.A., the law firm of Rothstein, Donatelli, Hughes, Dehlstrom, Shoenberg & Enfield, LLP, and attorney Robert Rothstein violated various of his civil rights in violation of 42 U.S.C. § 1983.  Plaintiff also sues defendants for the tort of outrageous conduct, for violation of the state fair trade laws, and sues the law firm and Mr. Rothstein (collectively the Rothstein Defendants) for breach of contract.

Plaintiff's allegations stem from his involvement in a state probate action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, D-202-PB-96-510.  Plaintiff, son of decedent Joseph Roehl, filed a petition in the state probate action to remove the personal representative, Bank of America, N.A (Bank).  According to Plaintiff, his mother and the estate of his father held a piece of real property as tenants in common.  His mother's share of the property was 51.9 percent and the estate's share was 48.1 percent.  Plaintiff's mother had agreed to sell the property to Plaintiff, and Plaintiff had given "good consideration" for the agreement.

The Bank, as personal representative, had determined that the subject matter real property should be sold to GNC, Ltd.  Plaintiff's mother initially refused to sell.  The Bank notified Plaintiff's mother that they would sell the estate's 48.1 percent interest in the property to GNC, Ltd. even if Plaintiff's mother refused to sell.  Plaintiff's mother ultimately executed a sales agreement for the sale of the property to GNC, Ltd.

Plaintiff, in filing the petition to remove the Bank as personal representative of his father's estate, asserted that the Bank had exerted undue influence over Plaintiff's mother.  After filing the petition for removal of the personal representative, Plaintiff filed a notice of lis pendens with

---

State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The facts given here are thus gleaned from Plaintiff's Complaint.

regard to the subject real property.  On the same date, the Bank filed a response to the petition and a request for expedited hearing on the merits of the petition.  A hearing on the merits of the petition was set for October 24, 2000.  Several motions were filed by Plaintiff and by the Bank between the time the original hearing was set and the actual hearing.  The state court sent notices to the parties for each of these additional matters notifying the parties that all of these matters would be heard at the October 24, 2000 hearing.  These additional notices were all sent between October 16, 2000 and October 20, 2000.  Plaintiff's Complaint states that these notices violated state rules of civil procedure which require notice of hearing be sent five working days prior to a hearing and provide an additional three days to respond if notice is sent by mail.  Plaintiff alleges that these notices violated his due process rights because the notices were insufficient to the extent they did not provide him adequate time to prepare.

On October 24, 2000, the state district court, the Honorable Ted Baca, District Judge, presiding, heard all of the motions scheduled to be heard including Plaintiff's motion to amend and supplement his petition, and the Bank's motion to cancel the lis pendens.  Plaintiff asserts that the district judge interrupted him on several occasions in order to confuse him, disrupt his train of thought, prevent him from pressing his points, and invoke doubt, anxiety and fear.  Further, the judge treated Plaintiff's objections with disdain.  The state court ultimately granted Plaintiff's motion to amend and supplement his original petition, but also granted the Bank's motion to cancel the lis pendens.  An order was entered by the state court that indicated Plaintiff's telephonic approval as to form.  Plaintiff had, in fact, never been contacted and never approved the order as to form.  Plaintiff contends that the judge had the clear intent to provide the Bank with whatever was necessary to allow the subject real property to be sold to GNC, Ltd.  Plaintiff's

Complaint states that these acts reveal a willful participation in a conspiracy of joint action between the judge and the Bank.

On May 30, 2001, Plaintiff filed a Complaint in this Court alleging the same basic claims against the Bank as Plaintiff brings in the current case. That case was docketed as CV-01-607 BB/DJS. Plaintiff alleges that the Rothstein Defendants were his attorneys at some time during the pendency of the prior action. He alleges that Robert Rothstein issued an opinion letter on June 25, 2001 stating that Plaintiff's Complaint in CV-01-607 BB/DJS was inadequate to state a claim under 42 U.S.C. § 1983. Plaintiff relied on this letter and voluntarily dismissed CV-01-607 BB/DJS without prejudice. Plaintiff asserts that this opinion was wrong and contrary to the law of the Tenth Circuit. Plaintiff further alleges that Robert Rothstein and the law firm conspired with the Bank for the purpose of obtaining a wrongful voluntary dismissal from Plaintiff and deprive him of his causes of action. Plaintiff contends this violated his procedural and substantive due process rights, and that the Rothstein Defendants and the Bank conspired together to deprive him of his due process rights.

Plaintiff's First, Second and Third causes of action allege violations of 42 U.S.C. § 1983 by all Defendants. Plaintiff's Fourth Cause of Action alleges a conspiracy by all Defendants pursuant to 42 U.S.C. § 1983. Plaintiff's Fifth Cause of Action alleges a breach of contract claim against the Rothstein Defendants. The Sixth Cause of Action alleges that all Defendants committed the tort of outrageous conduct. The Seventh Cause of Action alleges that all Defendants acted willfully, recklessly, maliciously and were not simply negligent in their interference with Plaintiff's right to file and prosecute his earlier federal lawsuit for violations of

his civil rights. Plaintiff's Eighth Cause of Action alleges that all Defendants violated state fair trade laws.

By Order filed August 14, 2003 [Docket No. 43], I dismissed the Bank as a defendant based on insufficient process and insufficient service of process. Thus, issues with regard to Defendant Bank of America, N.A. are no longer at issue in this case. The Rothstein Defendants' instant motion asserts that Plaintiff has failed to state a claim against them under 42 U.S.C. § 1983, and that this Court should decline to exercise jurisdiction over Plaintiff' remaining state law claims.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

42 U.S.C. § 1983 provides a cause of action for persons whose rights under the Constitution or laws of the United States have been violated by persons acting under color of state law. In order to state a claim under § 1983, a person must show the deprivation of a right secured by the federal constitution or by federal law and must show that the deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An element of any claim under the Fourteenth Amendment is state action. Pino v. Higgs, 75 F.3d

1461, 1464 (10th Cir. 1996) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984)). Plaintiff here alleges claims under both 42 U.S.C. § 1983 and the Fourteenth Amendment.

The state action requirement of the Fourteenth Amendment and the "under color of state law" element of the Section 1983 claim are similar and overlapping, but denote two separate areas of inquiry. Pino, 75 F.3d at 1464. However, if the state action element is met, the statutory requirement of action under color of state law is also satisfied. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 n. 18 (1982).

The state action requirement of the Fourteenth Amendment forbids the government, and the government alone, from engaging in certain activities. Gilmore v. Salt Lake Community Action Program, 710 F.2d 632, 635 (10th Cir. 1983) (citing Lugar, 457 U.S. at 936). "The Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). However, governmental power can be exercised in the absence of an official presence, and the conduct of an otherwise private entity or person is sometimes to be treated as state action. Brentwood Academy v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001). The state action requirement reflects judicial recognition of the obligation to "preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control." Id. at 295; See also Lugar, 457 U.S. at 936-37. Thus, to meet the state action requirement of the Fourteenth Amendment, the conduct allegedly causing a deprivation of a federal right must be fairly attributable to the state. Lugar, 457 U.S. at 937. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action

6

that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy, 531 U.S. at 295.

The Supreme Court has developed a two-part test for the question of fair attribution. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or a rule of conduct imposed by the state or by a person for whom the state is responsible." Lugar, 457 U.S. at 937.  "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Id.  In Lugar, the Court characterized the first part of the approach as a requirement that the deprivation be associated with a governmental decision and the second part of the approach as an inquiry into the character of the defendant as a state actor.  Id.; Gilmore 710 F.3d at 637.  Both parts of the test must be satisfied in order to find that otherwise apparently private conduct is fairly attributable to the state.  While a private entity or person might be found to be a state actor, the conduct in question will not be found to be fairly attributable to the state if it does not amount to a deprivation that is the result of a governmental decision.

In order to determine whether a private person or entity is a state actor, the Supreme Court has articulated several different factors or tests.  The "public function" test asks whether the actor is performing a traditional governmental function and is based on the principal that a state cannot avoid constitutional responsibilities by delegating a public function to private parties. Georgia v. McCollum, 505 U.S. 42, 51-53, (1992).  The "nexus test" inquires whether there is a sufficiently close relationship between the state and the challenged action such that the action should be attributed to the state.  Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974).  The "state compulsion" test asks whether the challenged activity was the result of the State's exercise

of coercive power or the State's significant encouragement. Brentwood Academy, 531 U.S. at 296. The "joint action" test applies when a nominally private entity operates as a willful participant in joint activity with the State or its agents. Lugar, 457 U.S. at 941. Finally, the "symbiotic relationship" or "entwinement" test asks whether a state has deeply insinuated itself into a position of interdependence with a private entity; whether the entity has become entwined with governmental policies, or whether the government has become so entwined with the management or control of the public entity that the government and the private entity must be recognized as joint participants in the challenged activity. Brentwood Academy, 531 U.S. at 296; Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1451 (10th Cir. 1995) (citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1972)).

A private attorney does not become a state actor merely by participating in the trial of a private court action. Lindley v. Amoco Production Co., 639 F.2d 671, 673 (10th Cir. 1981); Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc., 673 F.2d 771, 772 (5th Cir. 1982); Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1995); Mabe v. City of Galveston, Texas, 635 F.Supp. 105, 107 (S.D. Tex. 1986); Raitport v. Provident National Bank, 451 F.Supp. 522, 531 (E.D. Pa. 1978). "When a plaintiff . . . attempts to assert the necessary state action by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).

As noted above, Defendant Bank of America, N.A. has been dismissed as a party to this action. Thus, whether this private entity became a state actor by virtue of concerted action with a

state judge is not at issue.[2]  What is at issue is whether the Rothstein Defendants could become state actors by virtue of their alleged concerted action with the Bank regarding Plaintiff's claims against the Bank that arose from alleged concerted between the Bank and a state judge.

Even drawing every inference in favor of Plaintiff, the facts alleged in the Complaint do not indicate any contact much less concerted action and agreement between the Rothstein Defendants and the Bank.  Moreover, even if the allegations indicated an agreement between the Rothstein Defendants and the Bank with regard to Plaintiff's first federal civil rights case, and even if the Bank conspired with a state judge in the state probate proceedings, there is nothing to suggest a sufficient nexus or any connection whatsoever between the Rothstein Defendants and the state such that the actions of the Rothstein Defendants are fairly attributable to the state. Thus, Plaintiff completely fails to state a claim against the Rothstein Defendants under 42 U.S.C. § 1983 or the Fourteenth Amendment.

A court should not dismiss a *pro se* complaint unless it is obvious that the plaintiffs cannot prevail on the facts they have alleged and it would be futile to give them an opportunity to amend the complaint.  Gaines v. Stenseng, 292 F.3d 1222 (10th Cir. 2002); Curley v. Perry, 246 F.3d 1278 (10th Cir. 2001).  I find that it would be utterly futile to give Plaintiff an opportunity to amend his complaint with regard to his 42 U.S.C. § 1983 claims against the Rothstein Defendants. There are no facts Plaintiff could allege with regard to the Rothstein Defendants and any

---

[2]The Court notes, however, that Plaintiff's claims against the Bank for conspiracy under 42 U.S.C. § 1983 would likely be subject to dismissal for failure to state a claim based on the lack of any allegations indicating concerted action and agreement between the Bank and the Honorable Ted Baca.

relationship with the Bank that would give the actions of the Rothstein Defendants the character of state action or action under color of state law.

The only remaining claims against the Rothstein Defendants are state law claims in Counts V, VI, VII and VIII.  The Court has discretion to dismiss Plaintiff's state law claims, and it is appropriate to do so in this case as this litigation is in its earliest stages.  See 28 U.S.C. § 1367(c)(3); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).  In accordance with 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.   Accordingly, these claims shall be dismissed without prejudice.

**CONCLUSION**

IT IS THEREFORE ORDERED that Rothstein Defendants' Motion to Dismiss Section 1983 Conspiracy Claim for Failure to State a Claim, or, in the Alternative, For Summary Judgment [Docket No. 34] is hereby GRANTED and Plaintiff's claims in Counts I, II, III and IV against the Rothstein Defendants pursuant to 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts V, VI, VII and VIII and these claims are hereby DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE